## Boyle, et al. v. Atwell.

(Decided January 27, 1911.)

### Appeal from Fulton Circuit Court.

Actions—Suit to Partition Land—Parties and Privies—Reliance on Result—Res adjudicata.—One who is not a party or privy to a

suit to partition land cannot rely upon the result of the judgment therein either as to its ownership or the location of the lines and corners. nor can he rely upon the judgment and proceedings in that case under the plea of res adjudicata.

R. B. FLATT, for appellants.

A. H. TYLER, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Jones and wife owned an undivided third of the N. E. quarter of section 8, township 1, range 5 West, in Fulton county. They sold and by deed conveyed their interest in that quarter section to appellants. A suit was then pending to partition the lands. The commissioners allotted to Jones a lot designated in the proceedings as lot No. 3, which was bounded by magnetic courses, distances and corner objects. Jones and wife then executed a conveyance to appellant of the same lot by the same description. Appellee owned the quarter section just south of the one divided. It appears that the commissioners in alloting the northeast quarter section, under the persuasion of appellee ran the dividing line between the two sections on a different course from the true one, leaving between the land conveyed in their allotment and the true section line a triangle undivided. Appellants took possession of lot No. 3. Appellee forcibly ejected them from the narrow strip above named and built a wire fence along the line fixed by the commissioners as the dividing line. Appellants then brought this suit to quiet their title to the strip, and for damages for appellee's trespass. By amendment the other owners of the undivided strip were made parties, and its division was also sought. Appellee pleaded the proceedings in the partition suit in bar, as a thing adjudicated, determining appellants' title, and alleged that appellants had accepted Jones' deed after the partition had been confirmed. The latter fact was pleaded by way of estoppel. Appellants' reply did not deny the existence or truth of the record in the partition proceedings, nor did they deny their acceptance of the deed from Jones made in conformity to the partition. But they did plead that the commissioners through their own mistake, and induced thereto by the fraudulent interference of appellee, had failed to partition all of N. E. quarter of section 8, township 1, R. 5 W., and that they owned one-third of such

undivided plat, while their co-tenants, Jones' heirs, owned the remaining two-thirds. The court sustained a demurrer to the reply, and overruled appellants' demurrer to the answer. Upon this state of the pleadings the court dismissed appellants' petition.

It is not pretended that appellee Atwell was a party to the partition suit, or was in any wise concerned in it. Nor is he a privy. He cannot therefore rely upon the judgment and proceedings in that case under the plea of res adjudicata. Nor even if it be true that appellants accepted Jones and wife's deed to lot No. 3, is appellant entitled to plead that fact as estoppel. He has not been misled, or caused to change his position, or foregone any legal right, on that account. Furthermore, appellants' first deed from Jones and wife invested them with all their right to the quarter section, and if it be true that in the partition suit by error or otherwise a part of that quarter section was not divided, or taken into consideration in the partition, the title to the omitted portion remains where it was,—in the joint tenants, appellants and the other Jones heirs. In no event could the mistake or failure inure to the benefit of appellee, nowise concerned in their title. The thing in dispute in this suit is the true location of the south line of N. E. quarter of section 8, township 1, of range 5 west in Fulton county, which line is also the north line of S. E. quarter of that section. If it is where appellants claim that it is, then the judgment should be for appellants. If it is where appellee claims it is, then the judgment should be for appellee.

The demurrer should have been sustained to that part of the answer pleading the estoppel, both as to the record and the deed.

Judgment reversed and cause remanded for proceedings consistent herewith.